**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3561-23

TAHISHA ROACH and EMELIA
JACKSON, on behalf of themselves
and all others similarly situated,

     Plaintiffs-Appellants,

v.

BM MOTORING, LLC, and
FEDERAL AUTO BROKERS, INC.,
both corporations d/b/a BM MOTOR
CARS, BORIS FIDELMAN and
MIKHAIL FIDELMAN,

     Defendants-Respondents.

_____

Argued September 16, 2025 – Decided October 14, 2025

Before Judges Rose, DeAlmeida and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1333-14.

Henry P. Wolfe argued the cause for appellants (The Dann Law Firm, PC, attorneys; Henry P. Wolfe, Javier L. Merino and Andrew R. Wolf, on the briefs).

Michael V. Gilberti argued the cause for respondents (Jardim, Meisner, Salmon, Sprague & Susser, PC, attorneys; Michael V. Gilberti, on the brief).

PER CURIAM

After years of discovery and pre-trial litigation, plaintiffs Tahisha Roach and Emelia Jackson (collectively plaintiffs) appeal the June 12, 2024 Law Division order, decertifying their previously-certified class action against defendants, BM Motoring, LLC, and Federal Auto Brokers, Inc., both d/b/a BM Motor Cars (BM), Boris Fidelman, and Mikhail Fidelman (collectively defendants), enforcing class action waivers as to individual and potential plaintiffs, and vacating the May 31, 2019 order barring defendants from seeking enforcement of class action waivers.

We have considered the record in light of applicable legal principles and conclude the trial court vacated its prior orders, enforced the class action waivers, and decertified the class without sufficient factual findings and legal determinations, and apparently misapplied our decision in Cerciello v. Salerno Duane, Inc., 473 N.J. Super. 249 (App. Div. 2022). Accordingly, we vacate the orders under review and remand for further proceedings in accordance with this opinion.

I.

A brief review of the protracted history of this litigation is warranted to contextualize the issues presented. The early history is set forth in greater detail in our prior opinion affirming the Law Division's dismissal of plaintiffs' complaint in favor of arbitration, Roach v. BM Motoring, LLC, No. A-0749-14 (App. Div. Jan. 20, 2016) (slip op. at 2), and the Supreme Court's decision reversing and restoring plaintiffs' complaint for further proceedings in the Law Division after finding defendants breached the agreement to arbitrate, Roach v. BM Motoring, LLC, 228 N.J. 163 (2017).

A. The Agreement and Initial Proceedings

Plaintiffs each separately purchased used cars from defendants, and each signed identical dispute resolution agreements (DRA). The DRAs included a mandatory arbitration provision, in bold capital lettering, that stated: "AGREEMENT TO ARBITRATE ANY CLAIMS. READ THE FOLLOWING ARBITRATION PROVISION CAREFULLY. IT LIMITS YOUR RIGHTS, INCLUDING THE RIGHT TO MAINTAIN A COURT ACTION." The DRAs concluded with a similar notice stating, "THIS ARBITRATION PROVISION LIMIT[S] YOUR RIGHTS, INCLUDING YOUR RIGHT TO MAINTAIN A COURT ACTION. PLEASE READ IT CAREFULLY PRIOR TO SIGNING."

Between the bolded notices, the following provision reflected the parties'

agreement to

> arbitrate any claim, dispute, or controversy, including all statutory claims and any state or federal claims, that may arise out of or relating to the sale or lease [of the vehicle]. By agreeing to arbitration, the parties understand and agree that they are waiving their rights to maintain other available resolution processes, such as a court action or administration proceeding, to settle their disputes. Consumer Fraud, Used Car Lemon Law, and Truth-In-Lending claims are just examples of the various types of claims subject to arbitration under this agreement.
>
> [(Emphasis added).]

It immediately continued:

> The parties also agree to (i) waive any right [to] pursue any claims arising under this agreement including statutory, state or federal claims, as a class action arbitration, or (ii) to have an arbitration under this agreement consolidated with any other arbitration or proceeding. . . . If any part of this arbitration clause, other than waivers of class action rights, is found to be unenforceable for any reason, the remaining provisions shall remain enforceable. If a waiver of class action and consolidation rights is found unenforceable in any action in which class action remedies have been sought, this entire arbitration clause shall be deemed unenforceable.
>
> [(Emphasis added).]

Alleging defendants engaged in consumer fraud and unfair practices in violation of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -204 (CFA), plaintiff Jackson filed an arbitration demand against defendants with the American Arbitration Association (AAA). Roach, 228 N.J. at 166. Plaintiff Roach initially filed a complaint in the Law Division raising similar allegations, which the court dismissed after defendant moved to compel arbitration pursuant to the DRA. The AAA dismissed both claims for nonpayment of filing fees by defendants.

Thereafter, on March 5, 2014, plaintiffs Roach and Jackson, on behalf of themselves and all others similarly situated, filed a class action complaint against defendants asserting violations of the CFA, the Automotive Sales Practices Regulations, N.J.A.C. 13:45A-26A.1 to -26B.4, the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 to -18 (TCCWNA), the New Jersey Uniform Commercial Code, N.J.S.A. 12A:9-101 to -8 on behalf of Roach, and the Motor Vehicle Advertising Practices Regulations, N.J.A.C. 13:45A-26A.1 to A.10, on behalf of Jackson.

Defendants moved to dismiss plaintiffs' complaint in favor of arbitration and plaintiffs argued in opposition that defendants waived their right to compel arbitration when they "materially breached the DRA by failing to advance filing

and arbitration fees in response to plaintiffs' AAA arbitration demands." Roach, 228 N.J. at 167. The trial court dismissed plaintiffs' complaint, and this court affirmed the trial court's decision. See Roach, slip op. at 2. The Supreme Court ultimately reversed "find[ing] that plaintiffs' choice of the AAA as the arbitral forum complied with the DRA and hold[ing] that defendants' failure to advance arbitration fees was a material breach of that agreement." Roach, 228 N.J. at 167. Thus, the Court concluded defendants were barred from compelling arbitration and plaintiffs' complaint could proceed in the Law Division. Ibid.

B. Proceedings After Remand

On remand, defendants filed an answer, asserting affirmative defenses. In relevant part, defendants asserted "[p]laintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability." They also "reserve[d] the right to assert such additional separate defenses as discovery may reveal."

1. Plaintiffs' Motion to Certify Class Action

On October 23, 2018, after completion of discovery, plaintiffs moved for an order certifying a class pursuant to Rule 4:32-1. Defendants' opposition relied on the class action waiver language in the DRAs and contended that any potential plaintiffs had varying DRAs with differing terms and were not

6

similarly situated. Defendants presented a certification of defendant Boris Fidelman, president and CEO of Federal Auto Brokers, Inc., asserting that "[a]s part of [their] discovery disclosures, [they] produced a list of customers who had transactions that arguably fall within the parameters of plaintiffs' putative class," and

> [e]ach customer (potential class member) signed a DRA that stated:
>
> The parties also agree to (i) waive any right [to] pursue any claims arising under this agreement including statutory, state or federal claims, as a class action arbitration, or (ii) to have an arbitration under this agreement consolidated with any other arbitration or proceeding.
>
> [(Second alteration in original).]

Defendants emphasized that the Supreme Court barred defendants from compelling arbitration as to only the individual plaintiffs, Roach and Jackson.

Plaintiffs claimed defendants waived any belated invocation of class action waivers by other potential plaintiffs because they never raised that defense over four years of litigation. On May 31, 2019, the trial court entered

an order granting plaintiffs' motion for class certification, after analyzing the Rule 4:32-1(a) factors.[1]

2. Defendants' Initial Motion to Decertify the Class

Two weeks later, defendants moved to enforce class waivers and dismiss class members.[2] Defendants contended they had not waived the right to invoke the waivers, as the newly-certified class of potential plaintiffs were not parties to the case until the trial court's May 31 decision, and the Supreme Court's decision finding defendants in breach "dealt [exclusively] with the efforts that Roach and Jackson made to invoke the arbitration provision and facts specific

---

[1] The order defined the class as follows:

> All persons who, at any time during the Class Period purchased or leased a motor vehicle from [d]efendants and were charged a fee for registration and title that exceeded the actual official fees charged to timely register and title the vehicle purchased or leased.
>
> The Class Period is the period beginning six years prior to the filing of the Complaint (to exclude consumers whose CFA and TCCWNA claims would be barred by the applicable six-year statute of limitations) and end continuing through the time of final judgment in this matter.

[2] While defendants' motion was pending, we denied their motion for leave to appeal from the May 31 order.

to them." Defendants argued that even if the trial court concluded the "new plaintiffs" were previously parties, "there were not specific allegations or facts relating to these other parts of the agreement," and therefore, "anything that happened before[] from a substantive standpoint d[id] not apply to them." Defendants argued that, as a result, the "new plaintiffs" should be dismissed and the class waiver provisions in their DRAs should be enforced.

Plaintiffs countered "the class waiver [wa]s actually a class arbitration waiver, not a class action waiver" applicable to class actions in court, and defendants were raising identical arguments raised in their previous motion. Plaintiffs again contended defendants waived any claim as they "never raised the issue of [the waiver provision] applying to the class."

Following oral arguments on July 26, 2019, the court denied defendants' motion, finding it was, in essence, a motion for reconsideration of its May 31 decision. The court concluded that "new parties . . . brought in by way of amended new . . . represented plaintiffs d[id] not create a new basis for an argument that should have been made earlier." The court further found, contrary to defendants' argument, that the class action waiver clause in dispute "is a different clause within th[e] arbitration provision," defendants "essentially

waived" their argument and were seeking reconsideration of the court's prior decision.

We denied defendants' motion for leave to appeal from that order, determining, in part, "[d]efendants ha[d] not demonstrated why it [wa]s in the interests of justice to grant interlocutory review over the discrete issues . . . being presented by [defendants] in litigation that ha[d] already been pending for over five years." We noted:

> In addition, defendants did not seek Supreme Court review of this court's July 25, 2019 order denying leave to appeal the trial court's certification of the plaintiff class, an order that at this point should be left intact. Lastly, we are unpersuaded that defendants' interpretation of the DRA is correct. The motion judge reasonably determined that "[i]t's now time to move this case forward."

3. <u>Defendants' Second Motion to Decertify the Class Based on Cerciello</u>

In late 2021, the trial court denied defendants' motion to stay all proceedings pending the outcome of the appeal in <u>Cerciello</u>, 473 N.J. Super. at 249, which raised an argument that class action waivers may be enforceable despite breach of another portion of an arbitration agreement. The court thus permitted plaintiffs to issue class notice by way of publication.

In August 2022, defendants again filed a "motion to enforce class waivers and dismiss class members," seeking an order "(1) decertifying the class(es) in this case; (2) reconsidering and vacating the order granting plaintiffs' motion to certify the class(es) in this case; (3) reconsidering and vacating the order denying defendants' motion to enforce the class waivers of each new/potential class member and dismissing those new/potential class members from the case; and (4) vacating all related orders."

Citing our decision in Cerciello during oral argument on their motion, defendants asserted class waiver agreements are enforceable even when a defendant has otherwise breached an arbitration agreement, thereby "prevent[ing] this plaintiff from proceeding as a class."

Plaintiffs argued the facts in Cerciello were distinguishable as the class action waiver language here, on its face, was critically different. Specifically, the agreement in Cerciello contained an express waiver of class actions "in court or in arbitration," but here the DRAs' language mentioned only "class action arbitration," and the ability "to have an arbitration under th[e] [DRA] consolidated with any other arbitration or proceeding." Plaintiffs contended these were not identical provisions mandating identical outcomes.

11

Following argument, the court reserved decision and rendered an oral decision on June 12, 2024, granting defendants' motion in its entirety. First finding that our decision in Cerciello addressed "[t]he same arguments[,]" the court indicated Cerciello also involved a defendant seeking to enforce a class action waiver in a DRA after that defendant had similarly breached its arbitration agreement by failing to pay the arbitration filing fee. The court noted that we affirmed the trial court's finding in Cerciello that "the class waiver provision [in that agreement] still control[led] regardless of what happen[ed] with the failure to arbitrate."

Next, the trial court, without referencing the language of the respective class waiver provisions, or comparing the two, found this matter was "a duplicate situation of Cerciello." The court then, without further findings, granted defendants' motion, dismissing the class action and enforcing the class waiver provision. The court did not address its prior determination that defendants waived enforcement of the class action waivers by their own delay. That same day, the court issued a memorializing order: (1) vacating its May 31, 2019 order certifying the classes; (2) vacating its July 26, 2019 order denying defendants' motion to enforce the class waiver provisions with other potential class members and enforcing the class waiver provisions; (3) vacating its March

12

12, 2021 order directing class notice; (4) vacating its January 21, 2022 order amending the class notice order filed on March 12, 2021; and (5) ordering plaintiffs "to proceed only on their individual claims against [d]efendants."[3]

## II.

Plaintiffs appeal, first arguing the trial court erred in its "misassumption" that the class action waiver provision in Cerciello mirrored the provision in the parties' DRAs, without factual findings or "a single reference to the DRA" or the comparable language in each agreement. Reprising their arguments before the trial court, plaintiffs highlight the language in the Cerciello agreement which, unlike the DRAs here, expressly stated the parties waived "the right to maintain a court action or pursue a class action in court or in arbitration." (Emphasis added).

Plaintiffs further argue that the court failed to conduct any analysis of the DRA language to determine whether it provided "clear and unambiguous" notice that plaintiffs were waiving their right to class actions in court. See Atalese v.

---

[3] Plaintiffs moved for summary judgment while defendants' motion to dismiss was pending, and defendants cross-moved for summary judgment. The court heard arguments on all motions on January 20, 2023, and on June 12, 2024, the court granted plaintiffs' motion for summary judgment and denied defendants' cross-motion for summary judgment. Those summary judgment orders are not the subject of this appeal.

A-3561-23

U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 447 (2014).  They assert, had the court done so, it would have found the agreement lacked the requisite clarity to constitute a valid waiver of class actions in court.  Finally, plaintiffs argue the Cerciello decision had no bearing on the trial court's earlier finding here that defendants waived enforcement of the class action provisions, and the court erred in applying Cerciello to vacate that earlier order.

III.

We review the trial court's decision on a motion to decertify a class action for abuse of discretion.  See Dugan v. TGI Fridays, Inc., 231 N.J. 24, 50 (2017).  By contrast, we examine contracts and their enforceability de novo.  See Kernahan v. Home Warranty Adm'r of Fla., Inc., 236 N.J. 301, 316 (2019).  Indeed, whether a class action waiver provision is enforceable "is a question of law, and we need not defer to the interpretative analysis of the trial . . . courts unless we find it persuasive."  Ibid.

Regardless of our standard of review, "[m]eaningful appellate review is inhibited unless the judge sets forth the reasons for [the] opinion.  In the absence of reasons, we are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990); see also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301, (App. Div. 2018) ("[E]ven

14

when reviewing issues de novo, our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa."). Indeed, Rule 1:7-4(a) mandates that "the court shall . . . find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right."

Having reviewed the record here, we are constrained to vacate and remand because we are unable to ascertain the basis of the court's decision regarding three material issues. First, we are unable to determine the basis of the court's naked conclusion that the waiver provision in Cerciello is a "duplicate" of that at issue here, when a plain review of both readily reveals the verbiage varies. Without more, it appears the court incorrectly found the language here mirrored that in Cerciello.

Next, we discern nothing in the court's decision to reflect the court independently considered the DRA's language as a whole to determine whether it provided the requisite notice that parties waived class actions in court and in arbitration. We note the court neither addressed the precise language of the class action provision nor attempted to view it in the context of related language in the DRA, which also expressly stated the parties waived their rights to bring any action in court. We recognize "no prescribed set of words must be included in

an arbitration clause to accomplish a waiver of rights," however, an enforceable arbitration clause "at least in some general and sufficiently broad way, must explain that the plaintiff is giving up [his or] her right to bring [his or] her claims in court or have a jury resolve the dispute." Atalese, 219 N.J. at 447. The trial court omitted this fundamental analysis when it enforced the class action waiver provisions. The court further omitted any explanation of whether or why its decision concerning the individual plaintiffs' DRAs was presumptively applied to all potential plaintiffs.

We note the Supreme Court did not address the validity of the individual plaintiffs' DRAs when it rendered its discreet decision barring defendants from compelling arbitration. Thus, the trial court should have considered whether the language of the DRAs sufficiently placed consumers on notice that they were foreclosed from participating in class actions in courts and the arbitration forum.

Finally, plaintiffs correctly assert that the court's decision is silent on its reasons for vacating its prior order precluding defendants from invoking the class action waiver provisions for failing to timely raise that defense. We discern nothing in the Cerciello decision that, alone, compels that determination, nor can we identify any specific factual or legal findings supporting the court's reversing its prior order and enforcing all class action waivers.

Accordingly, given the court's apparent erroneous reliance on <u>Cerciello</u> as a "duplicate" agreement to that at issue here, and its failure to make findings of fact and conclusions of law supporting its decision, we vacate the June 12, 2024 order and remand for the court to reconsider the motion in accordance with this opinion. Our decision should not be interpreted as expressing a view on the merits of the issues raised. We note only that the language of the agreement here does not duplicate that in <u>Cerciello</u>, and the DRAs must be assessed for their own content and meaning, along with any issues surrounding the language or enforceability of the class action waivers in these circumstances. Further, the court must specifically consider and make findings as to whether or why its prior order barring defendants from seeking to enforce the class action waivers based on their own conduct and delay should be vacated.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3561-23